**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| STEVIE ALLEN,[1] | : | |
| Plaintiff, | : | |
| v. | : | Case No. 5:26-cv-331-MTT-AGH |
| CO GREEN, | : | |
| Defendant. | : | |

## ORDER

*Pro se* Plaintiff Stevie Allen, a prisoner at Hancock State Prison in Sparta, Georgia, filed documents which appear to be a civil rights complaint brought under 42 U.S.C. § 1983. Compl., ECF No. 1; Supp. to Compl., ECF No. 3. Plaintiff did not submit his pleading on the required § 1983 complaint form. *Id.* More importantly, because of the recency of the events giving rise to his claims and because he states his grievance is pending, it appears that Plaintiff has not exhausted all of his administrative remedies prior to filing suit. *Id.* Title 42, United States Code, section 1997e(a) provides, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in

[1] The original complaint appeared to list two Plaintiffs, but it was unsigned. Compl. 4, ECF No. 1. On August 6, 2026, the clerk docketed a deficiency notice in this case requiring Plaintiffs to resubmit their complaint with their signatures. Only Plaintiff Stevie Allen responded with a signed complaint (ECF No. 3). Furthermore, the Eleventh Circuit Court of Appeals has held that *pro se* prisoners are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee. Instead, each prisoner must file his own lawsuit and pay the full filing fee. *See Hubbard v. Haley*, 262 F.3d 1194, 1195 (11th Cir. 2001) ("We conclude that the intent of Congress in promulgating the [Prison Litigation Reform Act] was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee."); *see also Bowens v. Turner Guilford Knight Det.*, 510 F. App'x 863, 863 (11th Cir. 2013) (affirming under *Hubbard* district court's dismissal of prisoner complaint joined by six plaintiffs). Because only Plaintiff Allen submitted a signed complaint and because *pro se* prisoners are not allowed to join together as plaintiffs, the clerk of court shall terminate Lonnie Young as a Plaintiff in this civil action.

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This provision generally requires that a prisoner file an administrative grievance and then appeal any denial of relief through all levels of review that comprise the grievance process ***before*** filing suit in federal court. *Brown v. Sikes,* 212 F.3d 1205, 1207 (11th Cir. 2000); *see Woodford v. Ngo,* 548 U.S. 81, 95 (2006) (holding that "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance"). Dismissal of a complaint prior to service upon any defendant is warranted under the screening process set out in 28 U.S.C. § 1915A when a plaintiff clearly failed to exhaust all available administrative remedies prior to filing suit in federal court. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam). If Plaintiff realizes he filed his lawsuit too early, then Plaintiff can request that the Court dismiss his complaint without prejudice so that he may refile once he has completed the grievance process.[2]

If instead Plaintiff believes he did fully exhaust his administrative remedies prior to filing this lawsuit, then Plaintiff must now recast his complaint on the Court's standard form. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in this action. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must then tell the Court exactly how that individual violated his

[2] Fed. R. Civ. P. 41(a)(1)(A) states a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion to summary judgment, or (ii) a stipulation of dismissal signed by all parties who have appeared."

constitutional or federal statutory rights, including (1) what each defendant did (or did not do) to violate his rights; (2) when and where each action occurred; and (3) how Plaintiff was injured as a result of each defendant's actions. Plaintiff's recast complaint **shall take the place of all allegations made in the original pleading**. The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint on the enclosed § 1983 form. Thus, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff previously alleged it in another filing. As stated above, Plaintiff must name each defendant he wishes to sue and if Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.

The Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff should not otherwise use legal terminology or cite any specific statute or case law. Plaintiff is not to include any exhibits or attachments. ***The recast complaint cannot be longer than ten (10) pages in its entirety***.

Plaintiff also failed to either pay the filing fee or request to proceed without prepayment of the filing fee. Accordingly, Plaintiff must either pay the $405.00 filing fee or if indigent, submit a properly completed motion to proceed *in forma pauperis* (IFP). Plaintiff must complete the entire IFP application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Plaintiff

is advised that even if he is allowed to proceed IFP, he must pay the full amount of the filing fee in installments based on funds in his account. *Id*. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

In summary, if Plaintiff wishes to proceed with this civil action, then he is **ORDERED** to (1) refile his complaint on the Court's standard § 1983 form as instructed above, and (2) either pay the $405.00 filing fee or, if indigent, submit a motion to proceed IFP that includes a certified copy of his inmate trust account for the preceding six months that is signed by a corrections official. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to comply. The Clerk shall mail Plaintiff a standard 42 U.S.C. § 1983 complaint form, and a copy of the Court's standard IFP application for Plaintiff's use in complying with this Order. Plaintiff must immediately inform the Court in writing of any change in his mailing address and failure to do so may result in dismissal of this action. Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.

**SO ORDERED**, this 16th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE